Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Attorneys for Defendant Jairell

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:06-cr-00003-02-JWS-PMP |
| Plaintiff, ) | |
| ) | **OPPOSITION TO MOTION TO COMPEL** |
| ) | **THE PROVISION OF HANDWRITING** |
| ) | **EXEMPLARS FROM DEFENDANT** |
| JAMES E. JAIRELL, ) | **JAIRELL** |
| ) | |
| Defendant. ) | |
| _____ ) | |

      Comes now the defendant James Jairell by and through counsel Ingaldson, Maassen and Fitzgerald, P.C. and hereby opposes the motion to compel a handwriting exemplar from him. This opposition is supported by the following memorandum of law and the affidavit of counsel.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

1.   **Factual And Procedural Background.**

Jairell and his co-defendant Alan Veys are charged with a series of offenses in federal court. They have been indicted, and each is represented by counsel: Jairell by Kevin Fitzgerald, and Veys by Brent Cole. The co-defendants were arraigned on April 14, 2005. The matter is set for trial on January 8, 2007.

The government seeks to compel handwriting exemplars from Jairell. It bases this request on an undocumented assertion from Veys' attorney that Veys may defend the action at trial on the basis some of the underlying documentation is false or forged. The government concedes that other than some unsworn suggestion by Cole (which was likely privileged as a statement in support of plea discussion under Fed.R.Evid. 410), Veys has made no formal attack on the evidence nor submitted expert reports regarding that potential claim. Motion to Compel. Motion to Compel at p. 2.

Jairell has declined to consent to the taking of the exemplars. The taking of handwriting exemplars is a lengthy process. Counsel's prior experience with voluntary participation in the practice is that it can take many hours. Jairell would have the right to counsel present during the taking of such exemplars so the process would also be

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

financially burdensome requiring travel and associated costs for both himself and his attorney. Jairell asserts that the Fourth Amendment right to be free of unreasonable search and seizures and his Sixth Amendment right to a fair trial prohibit the action requested here.

    1.    Legal Argument.

The request for handwriting exemplars in this case implicates the Fourth Amendment prohibition against unreasonable search and seizure and the Sixth Amendment rights to counsel and fair trial.

    a.    The government's cited authority is non-persuasive since it does not involve the issue presented here: forcible extraction post-indictment from a represented defendant.

In support of its request to compel exemplars, the government's motion argues that they are not protected by the fifth amendment and as such are admissible at trial. The government is correct when it asserts that the "contents" of handwriting exemplars are non-testimonial and that exemplars are admissible in court even over a fifth amendment incrimination objection. United States v. Mara, 410 U.S. 19 (1973); Gilbert v. California, 338 U.S. 263 (1967); United States v. Euge, 444 U.S. 707 (1980); United States v. Wade, 388 U.S. 218 (1967); United States v. Pheaster, 544 F.2d 353 (9th Cir. 1976). It cites this series of cases for those propositions as well as the adjunct that the exemplars can be

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

    Page 3 of 16

compelled. The cases do not support the adjunctive supposition the government has a trial right to compel the production of handwriting exemplars from an non-consenting, indicted defendant, however. Review of controlling precedent will show that the process urged by the Government runs afoul of both Fourth and Sixth Amendment protections and the motion must be denied.

In *Mara* the Supreme Court upheld the power of the grand jury to compel a witness to appear and provide exemplars in the pre-charging phase of an investigation. Mara was not charged with any crime. The Court found the inconvenience of involuntary appearance pursuant to a subpoena before the grand jury was not a seizure within the meaning of the Fourth Amendment and, further, that the Amendment is not violated by a grand jury directive compelling production of "physical characteristics" that are "constantly exposed to the public." 410 U.S. at 22. The case did not involve compulsory process to a charged and represented defendant on the eve of trial, but instead relied upon the historical authority of the grand jury to compel witnesses to appear before it.

In *Euge* the Supreme Court interpreted a regulation in the tax code to specifically provide for the production of handwriting exemplars by witnesses during tax investigations.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

In doing so it relied upon "[t]he structure and history of the statutory authority of the Internal Revenue Service to summon witnesses to produce evidence necessary for tax investigations" and the explicit language of the regulation. 444 U.S. at 408. The decision has no persuasive value to this case involving a charged criminal defendant where no explicit, statutory requirement for production exists.

In _Gilbert_ the defendant voluntarily produced handwriting exemplars during pre-charging questioning by the police regarding a series of bank-robberies and the shooting of a police officer. He was not represented by counsel at that stage of the investigation. Subsequently, he sought to suppress the exemplars from admission at trial on the ground they were taken in violation of his fifth amendment privilege. The Supreme Court upheld their admission finding that a "mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection." 388 U.S. at 266-67.

_Wade_, the companion case to _Gilbert_, primarily involved the Sixth Amendment right to counsel at line-ups, although there was ancillary discussion regarding the fifth amendment. It is true that in both cases the Supreme Court held

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

that the taking of handwriting exemplars from a defendant who was detained in connection with his arrest violated neither his Fifth Amendment privilege against self-incrimination nor his Sixth Amendment right to counsel. However, no Fourth Amendment question was raised or decided in those cases. 388 U.S. at 266-67; 388 U.S. at 228-41. The fact that an item is non-testimonial for purposes of the fifth amendment does not mean that Fourth Amendment protections are forfeit. As neither Gilbert nor Wade involved the issues here, they are not controlling.

Similarly, in Pheaster the handwriting exemplars were obtained during the pre-charging investigation of a kidnapping. Pheaster was contacted with regard to the abduction of a young man which had been followed by a series of typed and handwritten ransom notes. 544 F.2d at 368-70. He agreed to cooperate with the police and produced a type-writer and a series of exemplars. He sought to exclude the material from trial on the basis of a fifth amendment violation. Again, that motion was denied because the exemplars were found to be non-communicative and the search was made roughly contemporaneous to his arrest. Id. at 371-72. The issues raised here regarding the appropriate standards for post-indictment discovery by the prosecution were not addressed.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

Page 6 of 16

Thus, while the government has established that if Jairell voluntarily relinquished the exemplars, the contents would be admissible at trial even if he subsequently objected, the government has failed to show that it has the authority to compel production in the manner it seeks or that is has made an appropriate showing of need.

> b.  The United States Supreme Court has previously held that non-testimonial identification procedures are covered by the Fourth Amendment. Therefore, the court must hold an evidentiary hearing in order to address the government's request. At that hearing the Government bears a high standard of evidentiary of proof. However, because such a hearing in this case would violate Jairell's Sixth Amendment Rights, the motion should be denied without hearing.

In *Davis v. Mississippi*, 394 U.S. 721 (1969), decided two years *after* Wade and Gilbert, the Supreme Court held that taking a person into custody without a warrant or probable cause for arrest in order to obtain his fingerprints violated the Fourth Amendment. In Davis, the police brought a rape suspect to headquarters where he was fingerprinted over his objections and briefly questioned before being released. He was later charged and convicted of the rape. At issue was whether the fingerprints taken during his detention were the inadmissible fruits of an illegal seizure. The government did not have a warrant or consent to support the search. It nevertheless contended that the Fourth Amendment did not forbid

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

an investigative detention for the purpose of fingerprinting. The Supreme Court rejected that position, holding that Davis' detention for the purpose of fingerprinting was subject to the constraints of the Fourth Amendment. This was true even though fingerprinting is non-testimonial. 394 U.S. at 727. In dicta the Court indicated that perhaps under narrowly confined circumstances, a detention for fingerprinting on less than probable cause might comply with the Fourth Amendment, but found it unnecessary to decide that question. Id. at 728.

Handwriting exemplars are directly analogous to fingerprints in terms of their non-testimonial yet identifying qualities. Gilbert, supra. Jairell will not consent to the taking of exemplars. Taking the exemplars will require his detention for several hours at the least, a period of time significantly longer than the detention in Davis. Therefore, this case is controlled by Davis, and under the Fourth Amendment the government cannot compel the taking of exemplars absent presentation of material evidence to the court and an opportunity to challenge those findings by Jairell.

In response to the dicta in Davis a number of jurisdictions enacted new court rules to regulate "non-testimonial identification procedures". See e.g. AlaskaR.Crim.Pro. 16(c)(1) and (c)(2). Such rules purport to

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

allow the prosecution to obtain a court order to compel a charged and represented offender to submit to non-testimonial identification procedures on a "lesser" Fourth Amendment standard. That lesser standard requires the Government prove the defendant is part of a narrow focal group, the evidence is of material aid in identifying the perpetrator of the offense, and the evidence cannot be practically obtained from another source. Id. The government must produce affidavits or testimony in support of the request. Id.

The federal rules committee also discussed and drafted a model rule which would have provided for the same type of procedure in federal court: Fed.Rule.Crim.Pro. 41.1. See e.g. United States v. Harris, 453 F.2d 1317, 1319-20 (8th Cir. 1972). The rule was rejected by the Committee of Rules of Practice and Procedure of the Judiciary Conference of the United States. Note, Detention to Obtain Physical Evidence Without Probable Cause: Proposed Rule 41.1 of the Federal Rules of Criminal Procedure, 72 Colum. L. Rev. 712, 715 (1972). The Committee specifically rejected the Rule because it "evoked a number of serious questions which required further study." Id. Legislation to implement similar procedures to proposed Rule 41.1 was introduced in the United States Senate in 1969 and later reintroduced in 1971. This legislation also failed to be

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

enacted. Note, supra, at 715. These procedures for ordering nontestimonial identification evidence failed to be adopted, despite the dicta in Davis because they "raise serious constitutional questions in that the procedures authorized are so similar to searches as to severely test the Fourth Amendment's fundamental prohibition against searches and intrusions without probable cause." Note, supra, at 744. In the intervening 30-plus years, neither the judiciary nor Congress has adopted a lesser Fourth Amendment standard for the acquisition of non-testimonial identification procedures except specifically with regard to tax investigations. See, Euge, supra (interpreting Congressional statute).

Thus, the Government cannot obtain the exemplars it demands in this case on the unsubstantiated motion it has provided. Pursuant to Davis, the prosecution must establish cause at least the equivalent to support a warrant. Indeed, before the court can grant the motion it should be required to conduct an evidentiary hearing at which the government's position may be tested in the crucible of adversary proceedings. See, United States v. Rudy, 429 U.S. 993 (9th Cir. 1970) (court held a hearing to determine whether Government entitled to compel handprint; probable cause the minimum standard to support the request). At such a hearing the

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

Government must produce evidence greater than that outlined in Model Rule 41.1 given the judicial and legislative history rejecting that standard as insufficient for purposes of federal prosecution.

Traditional Fourth Amendment notions also require a hearing prior to such discovery. "A search implies an examination of one's premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecution of a criminal action. Handwriting exemplar testing procedures plainly constitute searches of 'persons,' and depend antecedently upon seizures of 'persons' within the meaning of the Fourth Amendment." <u>United States v. Harris</u>, 453 F.2d 1317, 1320 (8th Cir. 1972). It is clear that the Government is seeking evidence to connect Jairell to a crime. This evidence can not be obtained without cooperation from him. It certainly is not in "plain view," and requires an explicit search because the Government will not be satisfied with other exemplars that might be obtained, e. g. letters, applications and the like, because those sources would be too difficult to evaluate. It is impossible to escape the conclusion that the taking of handwriting exemplars can only be accomplished by a search and seizure of the defendant's person in the Fourth Amendment sense. As such the Government must produce evidence to justify

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

its request and obtain a judicial order; the United States Attorney's office does not have an independent right to obtain discovery. E.g. United States v. Santucci, 509 F. Supp. 177 (N.D. Ill. 1980) (United states attorney has no independent right to request handwriting exemplars as part of investigation; right in that case belonged to the grand jury alone).

Thus, the prosecution is caught in a conundrum of its own making. A hearing is required under the Fourth Amendment because it failed to request the exemplars during the pre-charging investigatory stage pursuant to grand jury subpoena or to obtain consent by the suspect while in custody at his arrest as commonly occurs. However, holding the hearing will violate Jairell's Sixth Amendment rights to counsel and cross-examination.

The taking of exemplars – at least in the factual circumstance presented in this case – implicates Sixth Amendment concerns. The Sixth Amendment protects and safeguards defendants' rights to the assistance of counsel and a fair trial. Davis v. Alaska, 415 U.S. 308 (1974). Cross-examination is the essence of this right. Id. at 315-16. When circumstances do not reasonably limit but instead prohibit the defendant from inquiring into sources of the investigation, the procedure

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

violates the confrontation clause. See <u>Chipman v. Mercer</u>, 628 F.2d 528, 533 (9th Cir. 1980) <u>disapproved on other grounds</u> <u>United States v. Owens</u>, 789 F.2d 750, 761 (9th Cir. 1980). Here, Jairell's right to confrontation will be violated by the Government if it is allowed to proceed.[1]

The Government must produce evidence in support of its request to the court. <u>Rudy</u>, <u>supra</u>. Jairell is entitled to be present at the hearing and otherwise contest the evidence. <u>Id</u>. Additionally, in order for the Government to obtain a judicial order it will have to prove not just that there is sufficient justification to believe that the documentation is forged or falsified, but also that Jairell is the individual responsible for the forgery or falsification. The Government's

---

[1] In a non-binding opinion useful only for its persuasive as opposed to precedential value, the 9th Circuit has suggested that the Sixth Amendment will be violated by the taking of handwriting exemplars if the taking impacts the confidential relationship between attorney and client. See. <u>United States v. Joya-Guerro</u>, 2006 U.S. App. Lexis 25505 (9th Cir. Cal., Oct. 11, 2006) Allowing the Government to proceed with its request for compelled handwriting exemplars will implicate Jairell's confidential relationship with Fitzgerald because in order to fully cross-examine either Veys or Veys' attorney, Fitzgerald will have to reveal information obtained through the attorney client relationship as well as conversations between the two defense attorneys previously designed to further the joint defense aspects of the case. The case is set for trial in less than one month. These are not de minimas concerns. They go instead to the heart of the defense function and the relationship between client and counsel. Because of the risk of Sixth Amendment violation and the Government's dilatory

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

current request is absolutely silent with regard to facts that prove Jairell is responsible, or that the documents are forged.

The current form of the information — an unsubstantiated, hearsay report from Jairell's indicted co-defendant — must normally be viewed with skepticism and does little or nothing to meet the Government's burden of proof. In addition, the form of the information leads to a Sixth Amendment violation. Jairell can not compel cross-examination of either his co-defendant or his co-defendant's attorney to challenge the hearsay statement. In fact, the Government cannot even call its own witnesses to the stand support its fishing expedition. Thus, this case does raise confrontation concerns, and given Jairell's total lack of opportunity for cross-examination undoubtedly leads to a Constitutional violation if the Government is allowed to proceed. Chipman, supra.[2]

---

practice, the court should not only deny the request for the order, but decline to hold a hearing.

[2] The Sixth Amendment is also intended to protect the individual from governmental overreaching. E.g. Cahill v. Rushen, 678 F.2d 791, n. 2 (9th Cir. 1982). The practice attempted by the prosecution here easily lends itself to abuse. The Government has charged Jairell and Veys as co-defendants. It has resisted every effort to separate their trials. For more than a year in the investigation, the State had no concern regarding the authenticity of its evidence. Suddenly, near the eve of trial based upon innuendo by a co-defendant with every motive to save himself, the government seeks to interrupt Jairell's defense and compel him to submit to identification

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

Page 14 of 16

## CONCLUSION

For the reasons contained herein the court should conclude: 1) the handwriting exemplar like a fingerprint is non-testimonial; 2) the fact that it is non-testimonial does not prevent it from being a search, however, in the same manner the exploration for any other real evidence is a search; 3) because it is a search, fourth amendment protections apply; 4) the search cannot be justified by consent or as a search incident to arrest; 5) thus, pursuant to Davis the Government is required to prove justification equivalent to a warrant application to obtain the evidence; and 6) the hearing required by that decision would violate Jairell's Sixth Amendment rights given the unique circumstance of this case. Having made those findings, the court should deny the motion to compel.

Dated at Anchorage, Alaska December 21, 2006.

---

procedures when he has not raised identification as an issue. Allowing the government to utilize unsubstantiated information from co-defendants to fuel late in litigation discovery could easily become a device for harassment or false allegations by non-severed co-defendants seeking to distract the Government from their own prosecution. In more sinister fashion it readily becomes a tool that allows the Government to utilize yet also insulate itself from the dangers of "turncoat witnesses". E.g. United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993)( recognizing perils of using rewarded criminals as witnesses and indicating the Courts "expect prosecutors and investigators to take all reasonable measures to safeguard the system against treachery.")

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

INGALDSON, MAASSEN &
FITZGERALD, P.C.
Attorneys for Defendant


s/Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, AK  99501
Fax: (907) 258-8751
E-mail: kevin@impc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 12/21/06,
a copy of the foregoing Opposition
was served electronically on:

Robert S. Anderson, Senior Trial Attorney
Steven Skrocki, AUSA

s/Kevin T. Fitzgerald
F:\W\3079-1\Pleadings\Opp to Handwriting.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Opposition

Page 16 of 16