NELSON P. COHEN
United States Attorney

ROBERT S. ANDERSON
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Phone: (406) 829-3322
Fax: (406) 542-1476
Email: robert.anderson8@usdoj.gov

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:06-cr-00003-JWS-PMP |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
|  | ) | GOVERNMENT'S REPLY IN |
| vs. | ) | SUPPORT OF ITS MOTION TO |
|  | ) | COMPEL THE PROVISION OF |
| ALAN J. VEYS and | ) | HANDWRITING EXEMPLARS |
| JAMES E. JAIRELL, | ) | FROM DEFENDANT JAIRELL |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

COMES NOW the Plaintiff, United States of America, by and through

undersigned counsel, and files its Reply in Support of its Motion to Compel the

Provision of Handwriting Exemplars from Defendant Jairell. The government's position remains essential this: defendant Jairell has no Fourth Amendment expectation of privacy in the provision of a handwriting exemplar; absent such protection, a probable-cause showing is unnecessary and the use of a pre-trial motion to compel the production of such an exemplar is wholly appropriate.

## I. ARGUMENT

### A. The Compulsion Of A Handwriting Exemplar Is Neither a Search Nor a Seizure Under the Fourth Amendment, Regardless of When Such Compulsion Occurs.

Individuals have a no expectation of privacy in their fingerprints, visual images, or voice prints, even when their production is compelled, because they are personal attributes that are routinely exposed to the public at large in daily life. <u>Katz v. United States</u>, 389 U.S. 347, 351 (1967) (finding a lesser expectation of privacy in personal effects that "a person knowingly exposes to the public, even in his own home or office"); <u>United States v. Lincoln</u>, 494 F.2d 833, 839 (9th Cir. 1974). Handwriting exemplars, finger printing, and photographs simply belong to a different category of search such that compelling them from an individual, whether pre- or post-indictment, "represents a much less serious intrusion upon personal security than other types of searches and detentions." <u>See</u> <u>Hayes v. Florida</u>, 470 U.S. 811, 814 (1985). Compelling the production of an exemplar is such a minimally intrusive procedure that the Fourth Amendment is not implicated. <u>See</u> <u>United States v. Dionisio</u>, 410 U.S. 1, 14-15 (1973).

The Supreme Court has made clear that there is no reasonable expectation of privacy in one's handwriting, and absent such a reasonable expectation of privacy, compelling such a production does not violate the Fourth Amendment. <u>United States v. Mara</u>, 410 U.S. 19, 20 (1973). In <u>Mara</u>, the Court was considering the pre-trial compulsion of an exemplar from a witness, not a defendant, but the defendant's suggestion that an indicted defendant's expectation of privacy is greater than an individual's, justifying the denial of a motion to compel directed to a defendant is without both reason or citation to authority. In a host of ways, an indicted individual's expectation of privacy is less than an non-indicted individual: an indicted defendant is subject to arrest, search incident thereto, fingerprinting, detention, and monitoring by the government all before trial. Likewise, if compelled handwriting exemplars pre-indictment are minimally intrusive, reason dictates that they are also minimally intrusive post-indictment. If, as the authorities cited above declare, there is no expectation of privacy in handwriting prior to indictment, an indictment does not give birth to it.

While many of the authorities examining the issue do involve compelling individuals before indictment, it is simply a distinction without a difference. Like the grand jury, the Court has the power to compel the production of documents and the appearance of individuals. <u>See</u> Fed. R. Crim. P. 17(a) and (c) (court has power to issue subpoena to "command the witness to attend and testify at the time and place the court specifies" and "a subpoena may order the witness to produce any . . . documents. . . in

court before trial. . ."). The defendant fails to cite a case supporting his heightened expectation of privacy post-indictment, though numerous courts have routinely found that compelling post-indictment exemplars does not offend the Fourth Amendment. United States v. Roth, 466 F.2d 1111, 1114 (9th Cir. 1972) (granting post-indictment motion to compel handwriting exemplar does not implicate the Fourth Amendment); (United States v. Vanegas, 112 F.R.D. 235, 237 (no Fourth Amendment violation for post-indictment pre-trial court order to compel handwriting and courts routinely compel such exemplars); United States v. Jacobowitz, 877 F.2d 162, 169 (2nd Cir. 1989) (post-indictment compulsion of handwriting exemplar allowed); See, United States v. Franks, 511 F.2d 25, 32 (5th Cir. 1973) (government can obtain physical evidence such as voice exemplar from defendant seven months after arrest); United States v. Fine, 413 F.Supp. 740, 741-42 (W.D. Wisc. 1976) (pretrial motion to compel voice exemplar granted); United States v. Vigera, 307 F.Supp 136, 137 (S.D.N.Y. 1969) (pretrial motion to compel handwriting exemplar granted); See also, United States v. Wagner, 834 F.2d 1474 (9th Cir. 1987) (after defendant was arrested for crime and then compelled to produce exemplar, refusal to do so admissible).

Not only does the defendant fail to explain how an expectation of privacy to identifying characteristics suddenly materializes after indictment, the defendant does not explain how the power to compel such a production of a handwriting exemplar pre-indictment is suddenly minimized after indictment. As these cases and common sense

demonstrate, whether compulsion occurs pre- or post-indictment is irrelevant in analyzing whether the Fourth Amendment implications. The defendant does not have a reasonable expectation to privacy in his handwriting characteristics at any stage of the proceedings. Accordingly, the Court may compel the minimally intrusive exercise of providing a handwriting exemplar.

      **B.**     **Absent The Need For A Probable-Cause Showing, the Defendant's Remaining Arguments for an Evidentiary Hearing to Determine Probable Cause for the Request, and for Sixth Amendment Violations Are Without Merit.**

The Supreme Court has consistently held that the government is under no obligation to make a showing of reasonableness to justify the compelled production of identifying characteristics such as handwriting exemplars. <u>Mara</u> 410 U.S. at 22; <u>Dionisio</u>, 410 U.S. at 16 (rejecting dissenter's argument that a preliminary showing of reasonableness is required before exemplar may be compelled and holding that the Constitution makes no such requirement).

The defendant's reliance on <u>Davis v. Mississippi</u>, 394 U.S. 721 (1969) is both misplaced and, in light of the facts in <u>Davis</u>, astonishing. In <u>Davis</u>, based upon only a rape victim's description of her assailant as "a Negro youth," and a set of fingerprints on her windowsill, the Mississippi police rounded up 24 black youths and detained them at police headquarters where they were questioned and fingerprinted. <u>Id</u>. at 721. The police also interrogated 40 or 50 other black youths, eventually detaining one 14-year-

old (who worked as the victim's gardener) for two days despite the victim's inability to identify him as her assailant and no matching prints. Id. at 722-23.

Contrary to the holding suggested by the defendant in his papers, in Davis the Court held that it was the broad dragnet employed by the police that violated the Fourth Amendment. Id. at 726-27 (investigatory seizures like these "would subject unlimited numbers of innocent persons to the harassment and ignominy incident to involuntary detention. Nothing is more clear than that the Fourth Amendment was meant to prevent wholesale intrusions upon the personal security of our citizenry."). Significantly, the Court limited its holding to the broad sweeping actions of the police and went on to reason that detentions for the purpose of obtaining fingerprinting could be conducted without offending the Fourth Amendment, but in light of the facts of the case before it, the Court stated that it did not reach that issue. Id. at 727-28). Further construing Davis, the Court in Dionisio, found no violation of the Fourth Amendment in compelling a limited number of voice exemplars where the wholesale dragnet procedures employed by the police in Davis were absent, as they are in this case. 410 U.S. at 15 (the Davis dragnet detentions were impermissible, but fingerprinting itself does not itself constitute interrogation and search under the Fourth Amendment). Accordingly, the defendant misstates the holding in Davis, which is limited to its facts. In the instant matter, the targeted compulsion of an indicted defendant to provide exemplars is hardly the Davis

dragnet for minority youth that the Court found offensive to constitutional rights. Accordingly, it lends the defendant no support for his argument.

Finally, it is noteworthy that defendant Veys recently filed a motion seeking production by the State of Alaska of defendant JAIRELL's guide file for the purpose of forensic analysis, including the analysis of both defendant's apparent handwriting. Document 40.  This motion underscores the government's assertion that the nature and characteristics of defendant JAIRELL's handwriting will likely be at issue during the trial of this case, providing ample justification for the collection of non-testimonial exemplars from him, as requested in the instant motion.

## II.  CONCLUSION

The Court should grant the government's motion to compel the defendant to produce a handwriting exemplar.  There is no Fourth, Fifth, or Sixth Amendment bar to such a pre-trial order.

RESPECTFULLY SUBMITTED this 28th day of December, 2006.

      s/ Robert S.  Anderson
ROBERT S. ANDERSON
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Phone: (406) 829-3322
Fax: (406) 542-1476
Email: robert.anderson8@usdoj.gov

   s/ Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
#0108051

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2006
a copy of the foregoing was served
electronically on: Bret Cole and Kevin Fitzgerald.


s/Steven E. Skrocki