IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES E. JAIRELL,<br><br>Defendant. | Case No. 1:06-cr-00003-JWS-PMP<br><br>ORDER ON MOTION TO COMPEL THE PROVISION OF HANDWRITING EXEMPLARS |

The government moves at docket 26 for an order compelling defendant Jairell to submit handwriting exemplars. Jairell opposes the motion, arguing that the requested order would violate his rights under the Fourth, Fifth, and Sixth Amendments. The court has considered the government's motion, the defendant's opposition and accompanying affidavit,[1] and the government's reply,[2] and enters the following order.

The United States Supreme Court has held that a grand jury subpoena requiring an unindicted suspect to furnish handwriting exemplars does not violate the Fourth[3] or Fifth[4] Amendments. The defendant argues that these cases should be distinguished because they came in the grand

---

[1] Docket Nos. 38 and 39.
[2] Docket 48.
[3] *United States v. Mara*, 410 U.S. 19 (1973). See also *United States v. Euge*, 444 U.S. 707 (1980); *United States v. Dionisio*, 410 U.S. 1 (1973).
[4] *Gilbert v. California*, 388 U.S. 263 (1967); *United States v. Euge, supra; United States v. Dionisio, supra..*

1

jury context, at the preindictment stage, whereas Jairell is an indicted defendant. But this is a distinction without a difference.

With respect to the Fourth Amendment, the Supreme Court found in *United States v. Mara*[5] that persons do not have a reasonable expectation of privacy with respect to their handwriting, and therefore that a grand jury subpoena for production of exemplars is not a search. The defendant cites no authority suggesting that persons develop a heightened expectation of privacy as to their handwriting once they are indicted, nor does the court find the defendant's arguments persuasive on this point. The Supreme Court's rationale in *Mara* applies equally at the post-charge stage.

With respect to the Fifth Amendment, the Supreme Court found in *Gilbert v. California*[6] that handwriting exemplars which contain no testimonial or communicative information are mere identifying characteristics, the taking of which does not violate the privilege against self-incrimination. Again, the court is not persuaded by the defendant's attempts to distinguish this case because it arose in the grand jury context. If compulsory production of handwriting exemplars to a grand jury is non-testimonial, the court sees no meaningful basis for reaching a different conclusion at the post-indictment stage.

---

[5]*Supra.*
[6]*Supra.*

The defendant argues that compelled production of handwriting exemplars would also violate his Sixth Amendment right to counsel. The Supreme Court held in *Gilbert* that compelled production of handwriting exemplars without the assistance of counsel did not violate the Sixth Amendment right to counsel.[7] If the government were seeking an order excluding defense counsel from the process, the court would agree that *Gilbert* could be distinguished because Jairell has been indicted and his right to counsel has attached. But the government is not seeking any restriction on the involvement of counsel.

The defendant argues, however, that his Sixth Amendment right to counsel would nevertheless be violated even if counsel is present at the examination, or if he is not allowed a hearing at which he can confront and cross-examine witnesses in support of the government's request. The court is aware of no authority for this proposition. There is no reason to believe that the production of this identifying information, with counsel present, would impair the attorney-client relationship, require the disclosure of confidential communications, or otherwise infringe upon Jairell's right to counsel.

Finding no merit to the defendant's constitutional claims, the remaining question is whether the government should be required to make a factual showing, either by affidavit or oral testimony, before exemplars

---

[7]388 U.S. at 267.

are required. The government suggests by proffer that its counsel has reason to believe, based on discussions with counsel for defendant Veys, that the handwriting exemplars will produce relevant evidence.

The defendant cites two cases which he contends establish that either a probable cause showing or an evidentiary hearing is necessary before handwriting exemplars are ordered. The court does not find either to be controlling. The Ninth Circuit in *United States v. Rudy*[8] noted that probable cause existed for the order, but did not hold that probable cause was necessary. Furthermore, even if *Rudy* can be interpreted to require probable cause, that holding came some two years before the Supreme Court decided in *Mara* that the production of handwriting exemplars was not a Fourth Amendment search, and that the government was under no obligation before obtaining an order for handwriting exemplars to make any preliminary showing of reasonableness.[9] To the extent that *Rudy* is contrary to the Supreme Court's later holding in *Mara*, of course, it has been implicitly overruled.

The other case relied upon by the defendant is *Davis v. Mississippi*, 394 U.S. 721 (1969). In *Davis*, the defendant was questioned for some 4 days in various locations, brought repeatedly to the rape victim's hospital room for "showup" confrontations, detained overnight in the Jackson,

---

[8] 429 F.2d 993 (9th Cir. 1970).
[9] 410 U.S. at 22.

4

Mississippi jail, and repeatedly fingerprinted as part of a dragnet in which dozens of African American youths were interrogated and fingerprinted as part of a rape investigation. The court in *Davis* found this procedure to be unduly intrusive, and ordered the fingerprints suppressed. The *Davis* court specifically did not hold that the Fourth Amendment was violated by "narrowly circumscribed procedures" under which fingerprints were obtained without probable cause or a hearing.[10] And, again, *Davis* must be read in light of the Court's decision three years later in *Mara* that the Fourth Amendment does not require a preliminary showing of reasonableness before handwriting exemplars are compelled.

    The court concludes that, before obtaining an order for handwriting exemplars, the government must make a showing of relevance, which may be shown by proffer. The likelihood that the request will produce relevant evidence must then be balanced against the burden the request would cause for the defendant.

    In its motion, the government contends that the authorship of certain documents may be at issue: "entries and signatures on residency and hunting experience affidavits submitted to the State of Alaska's Division of Occupational Licensing, bear sealing forms submitted to the State of Alaska Department of Fish and Game, letters and Small Vessel Sea Service forms submitted to the U.S. Coast Guard, and other documents."

---

[10] 394 U.S. at 728.

The indictment in this case charges Jairell with fraudulently obtaining Alaska guide licenses, submitting false black bear sealing certificates to the State of Alaska, and making false statements on an Alaska hunting license application. The indictment specifically alleges in paragraphs 15 *et seq* that Jairell filled in portions of bear sealing certificates containing false information. In light of the nature of the charges, the court finds that the government has shown that it is likely that the requested order will result in relevant evidence.

The defendant submits an affidavit suggesting that the production may require the preparation of multiple exemplars and 3 hours "or more" of the defendant's time. The court does not find this to be unduly oppressive.[11] Nor can the court deny the government's request because it would require either the defendant or his attorney to travel. That is simply an unfortunate but necessary result of the fact that they reside in different communities.

The court therefore enters the following orders:

1. The government's motion for the production of handwriting exemplars is GRANTED subject to the following conditions.

2. Defendant Jairell shall, within seven (7) days of the date of this order or at such later date which may be agreed upon between the

---

[11]Certainly this comes nowhere near the level of intrusiveness that shocked the Supreme Court's conscience in *Davis v.Mississippi*, 394 U.S. 721 (1969).

government and defendant Jairell, provide handwriting exemplars to a representative of the U.S. Fish and Wildlife Service or U.S. Secret Service.

3. Defense counsel may be present for all phases of the process of producing the exemplars.

4. The defendant will be allowed reasonable breaks during the examination, which may include beverages or snacks.

5. Production shall be in either Anchorage or Juneau, at the defendant's election, or at such other location as may be agreed upon between the parties. The specific location within either community shall be agreed upon between the parties.

DATED this 8th day of January, 2007 at Juneau, Alaska.

Philip M. Pallenberg
United States Magistrate Judge