NELSON P. COHEN
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
E-mail: steven.skrocki@usdoj.gov

ROBERT S. ANDERSON
Environment and Natural Resources Division
United States Department of Justice

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:06-cr-00003-002 HRH |
| | ) | |
| Plaintiff, | ) | **SENTENCING** |
| | ) | **MEMORANDUM OF THE** |
| vs. | ) | **UNITED STATES** |
| | ) | |
| JAMES E. JAIRELL, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through the

undersigned Assistant U.S. Attorney, and submits this Sentencing Memorandum:

## SUMMARY OF SENTENCING RECOMMENDATIONS

**IMPRISONMENT**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 Months

**RESTITUTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $6000.00

**FINE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $10,00.00

**TERM OF SUPERVISED RELEASE**. . . . . . . . . . . . . . . 3 YEARS[1]

**SPECIAL ASSESSMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . $200.00

I.   BACKGROUND

The government agrees with and adopts the factual basis of the final presentence report, paragraphs 7-41.  As stated therein, the case before the court concerns itself with Mr. Jairell conducting guided hunts and receiving payments therefore without being a lawfully registered guide under the laws of the state of Alaska.  In this regard, Mr. Jairell's conduct resulted in the taking of, and receipt of payments for more or less, 10 Black Bears.  (See PSR ¶ 41, page 10, 11)

B.   **Defendant's Criminal History.**

The defendant's criminal history is not at issue in this proceeding.

---

[1] The three year term of supervised release is agreed by the parties to run concurrently. There is also a special condition of supervised release of three months home detention to run concurrently for both counts.

## II. SENTENCING CALCULATION AND RECOMMENDATION

### A. <u>Statutory Maximum Sentence</u>.

The maximum sentence that may be imposed on the defendant for this violation is a five year term of imprisonment, a $250,000 fine, and a $100 mandatory special assessment for each count.

### B. <u>Sentencing Guidelines Calculation.</u>

The parties' plea agreement tracks the sentencing guideline calculations and correspond to the calculations in the final presentence report. (PSR ¶¶ 49-60) The calculation results in a final adjusted sentencing range of a level 12, which provides for a sentencing range of 10-16 months imprisonment. The parties will be recommending to the court that the defendant serve a term of imprisonment of 7 months, with a three month special condition of supervised release which is to be served as home confinement.

## III. APPLICATION OF 18 U.S.C. § 3553(a) SENTENCING FACTORS

In addition to the Guidelines, the following sentencing factors set forth in 18 U.S.C. § 3553(a) apply: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford deterrence, protect the public from further

crimes and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) any pertinent Guidelines policy statements; (6) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (7) the need to provide restitution to victims of the offense.  18 U.S.C. § 3553(a)(1) through (7).  Each sentencing factor is addressed in turn:

> A. **<u>Nature and Circumstances of Offense and the History and Characteristics of the Defendant.</u>**

The nature and circumstances of the defendant's offense and the defendant's history and characteristics support imposition of the payment of the restitution amount, a term of incarceration and the payment of a fine.

> B. **<u>Need for the Sentence to Reflect the Seriousness of the Offense, Afford Deterrence, Protect the Public, and Rehabilitate the Defendant.</u>**

The need to appropriately reflect the seriousness the defendant's offense, afford appropriate deterrence, protect the public, and afford the defendant appropriate rehabilitation similarly dictate that a sentence which includes the payment of $16,000 in fines and restitution is appropriate.  The nature of the defendant's criminal acts, the manner in which they occurred make this kind of crime particularly significant to the State of Alaska and federal Fish and Wildlife

Service.. The plea of guilty, thus avoiding a trial, and the payment of these monies in recognition of these acts will deter the defendant, as well as the public, from committing similar crimes.

    C.    **Kinds of Sentences Available.**

There are a variety of other sentencing options available under the Guidelines and staturory framework. However, due to jail time imposed the other options available primarily concern themselves with lighter sentences.

    D.    **Sentencing Ranges Available.**

The sentence agreed to by the United States and James E. Jairell is within the applicable sentencing range. Incarceration and the payment of a fine and restitution operate to be a significant deterrent and cost impact to the defendant.

    E.    **Pertinent Policy Statements.**

The United States is unaware of any pertinent policy statements applicable to this agreement.

    F.    **Need to Avoid Sentence Disparity.**

The sentence structured by the plea agreement is consistent with the sentencing parameters governing the sentence to be imposed in this case.

### G. Restitution.

As indicated above, the United States is seeking restitution in the amount of $6,000 to the Lacey Act reward account.

## IV. SENTENCING RECOMMENDATION

The United States urges the court to impose sentence in conformity with the agreement. The parties have been working diligently over an extended period of time to craft an agreement that takes a variety of issues into account. The agreement provides for adequate deterrence, confirmation of industry norms and provides for restitution in a significant amount for the act as it pertains to this defendant. Moreover, incarceration is provided for in the agreement which will have a significant impact on the defendant and his family. Accordingly, the court

//  //


//  //


//  //


//  //

should impose sentence pursuant to the terms of the plea agreement.

RESPECTFULLY SUBMITTED this 5th day of July, 2007, at Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        /s Steven E. Skrocki
        Steven E. Skrocki
        Assistant U.S. Attorney
        222 West 7th Ave., #9, Rm. 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-3380
        Fax: (907) 271-1500
        E-mail: steven.skrocki@usdoj.gov
        AK #0108051

**CERTIFICATE OF SERVICE**
I hereby certify that on July 5, 2007,
a copy of the foregoing Sentencing Memorandum
of the United States was served electronically on
Kevin Fitzgerald..

s/ Steven E. Skrocki