NELSON P. COHEN
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
E-mail: steven.skrocki@usdoj.gov

ROBERT S. ANDERSON
Environment and Natural Resources Division
United States Department of Justice

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  1:06-cr-00003-HRH |
| | ) | |
| Plaintiff, | ) | **MOTION OF THE UNITED** |
| | ) | **STATES TO CONSOLIDATE** |
| vs. | ) | **SENTENCING** |
| | ) | **PROCEEDINGS BEFORE** |
| ALAN J. VEYS and | ) | **UNITED STATES DISTRICT** |
| JAMES E. JAIRELL, | ) | **COURT JUDGE-PARTIALLY** |
| | ) | **OPPOSED** |
| Defendants. | ) | |
| | ) | *Filed on shortened time* |

COMES NOW the United States of America, by and through the

undersigned Assistant U.S. Attorney, and files with the court a Motion to

Consolidate the sentencing of defendant's Veys and Jairell before the United

States District Judge.  Said motion is *not* opposed by counel for defendant Jairell,

but is opposed by counsel for defendant Veys and is based on the facts and

arguments set forth below and in light of the events which occurred at defendant

Jairell's sentencing hearing.[1]

## I.    BACKGROUND

The court has before it a situation in which the government and the two

defendants charged in the same case structured separate plea agreements at two

different times and based on differing evidentiary strengths of the cases against

each.  Mr. Jairell's plea agreement, which was executed prior to Mr. Veys' plea,

stipulated to a market value of $4,000 for the value of the wildlife in question.

That stipulation was calculated based on the costs of the black bear hunts offered

by Pybus Bay Lodge and as paid for by the bear hunter clients.  This type of

calculation for market value is standard practice in Lacey Act cases and is, for the

most part, an almost automatic function of any case.  In essence, the plea entered

into between the government and Mr. Jairell stipulated to an agreed upon

---

[1] Counsel for the government contacted counsel for Jairell and Veys telephonically on July 17, 2007.  During that conversation counsel for defendant Jairell indicated he was not opposed to a consolidated hearing before the District Court Judge.  Counsel for defendant Veys opposed.  Government counsel informed each that he would represent their respective positions to the court.

U. S. v Veys & Jairell
1:06-cr-00003-HRH                        2

sentencing guideline calculation and sentence which could be either accepted or rejected by the court.

Mr. Veys' plea agreement, however, contained no such stipulation. Occurring after Mr. Jairell's plea, Veys' plea agreement essentially provided for a plea "straight up" to specific charges very much different than those of Mr. Jairell's.  Mr. Jairell plead guilty to specific False Labeling felony provisions of the Lacey Act while Mr. Veys' plea was based on a conspiracy theory to negligently violate the Lacey Act under the misdemeanor provisions of the act. Accordingly, the two plea agreements are premised under differing factual basis statements.  Mr. Jairell's factual basis constitutes acknowledgement of a "knowing" violation, while Mr. Veys agreed to a "knew or should have known" standard in that Veys was providing black bear hunts to clients when, in the exercise of due care he knew or should have known that Jairell was not an appropriately registered big game guide.

After securing the plea agreements, counsel for defendant Veys sought and received from the government a non-opposition to transfer sentencing this case to Juneau, Alaska, before the magistrate judge.  This transfer was sought due to the fact that Veys' plea was a plea to a misdemeanor violation and  the government

U. S. v Veys & Jairell
1:06-cr-00003-HRH                          3

believed it had a non-contested plea agreement and imposition of sentence hearing

arranged with defendant Jairell.  The government therefore was willing to

accommodate defendant Veys and it did not oppose the transfer of sentencing.

The parties then awaited preparation of the draft and final presentence reports.

Defendant Jairell's report was a relatively straightforward affair as the

probation officer correctly noted that the parties stipulated to virtually all aspects

of the sentence, including a term of incarceration, home confinement, a fine, and

restitution.  However, and as explained to the court last week, Mr. Veys'

presentence report calculated the guideline amount for the market value of the

wildlife in a manner different than agreed to by the government and Mr. Jairell.

The government filed objections to this calculation as it overly complicated a

matter where the evidence was clear that the amount for a guided hunt for black

bears was easily determined by the amount charged by the lodge, namely between

$3500 and $4000 per hunt.  In the government's view, this is simply not a case

where the "market value is difficult to ascertain" because the market value was

based on Pybus Bay fees for hunters who came to the lodge to hunt bear, not fish.

Thus the court need not at all look to restitution or parcel fees and costs of fishing

because hunting was the primary motivation of the contracted clients.  In this

regard, ample evidence exists to establish that the market value is the cost paid by

a hunter for the opportunity to take game.  *See* United States v. Atkinson, 966 F.2d

1270 (9th Cir.1990).[2]

It is assumed by the government that the Presentence writer's interpretation

of marked value was conveyed between counsel for the defendants, because

defendant Jairell's sentencing memorandum urged the court to accept the rationale

of the presentence report in the Veys matter despite language in the plea

agreement barring him from doing so.

As the court is aware, the sentencing proceeding for Mr. Jairell fell apart

due to this issue with the court ultimately determining that it would reject the plea

agreement and thereafter giving the parties 30 days within which to file with the

court a status report.  Veys' sentencing hearing is currently set for August 2, 2007.

Sentencing memorandum are due to be filed on July 25, 2007.

Given all of the foregoing, it is the position of the United States that an

evidentiary hearing and argument will be necessary to determine market value of

the wildlife at least in Veys case  and the government will argue that the amount

will be between $3500 to $4000 per hunt.  Given the changed circumstances of

---

[2]The government will address why the presentence report writer's calculation is inaccurate in its sentencing memorandum to be filed with the court next week.

this case, and as more fully set forth below, the most prudent approach to solving

this imbroglio is via one consolidated hearing as to market value before the United

States District Court Judge.

**II.    A CONSOLIDATED HEARING BEFORE THE DISTRICT COURT
        IS THE MOST JUDICIALLY EFFICIENT METHOD OF
        RESOLVING THE MARKET VALUE OF WILDLIFE ISSUE**

As of this writing, two of the three litigants to this action agree that a

consolidated hearing before the United States District Court is the most judicially

and legally efficient manner within which to resolve this issue.  This is so for

several important reasons.

Resolving the contested factual issue of market value before one court is the

only way to insure disparity does not occur.  This court should move defendant

Veys sentencing back to this Court to prevent the possibility of two different

judges viewing the same facts, in the same case, and reaching two different factual

determinations for sentencing purposes.  Such a result would almost surely result

in an appeal in one, if not possibly both cases.  For example, if the magistrate

judge found against the government on this issue the government would have no

other option than to appeal the matter after sentencing.  In such an event, this

Court will likely require a hearing on this issue in Jairell's case in order to find

U. S. v Veys & Jairell
1:06-cr-00003-HRH                        6

market value by a preponderance of the evidence, despite the fact that Jairell has stipulated to market value and is precluded from his plea agreement from arguing in favor of a different value without being in breach.  Such dual hearings raises the issue of both inefficiency of judicial resources, and the danger of inconsistent factual determinations based on the same evidence in the same case.  In addition, in the event of such a continuing breach of his plea agreement, this Court would need to undertake additional hearings to deal with this situation, and either specifically enforce the agreement against Jairell, or set a new trial date.  These results could largely be avoided by re-consolidating these cases together for sentencing, as they had originally been joined.  The convenience to defendant Veys of having his sentencing in Juneau should be secondary to the fair and proper administration of this case.

**CONCLUSION**

The present motion is the result of an issue that occurred after the government and Mr. Jairell thought an agreement was in place, and after the government agreed, solely for defendant Veys convenience, to split the sentencing of two co-defendants before two different judges.  In light of these events, the sentencing before the magistrate judge in Mr. Veys' case may be relevant to issues

in Jairell's case.  Given the very real possibility of two hearings which might

occur, and the danger of two different results in the same case,  it makes sense to

the government and Mr. Jairell–who at least agree on this point– to hold one

hearing before this court on the issue of market value.  What was done at one time

for the convenience of a party should be undone now to ensure judicial efficiency

and a fair and just sentencing. [3]

     Lastly, if the court is so inclined neither the government nor counsel for

defendant Jairell oppose a continuance to allow for further preparation by the

parties, additional brieifing or time for the court to prepare by familiarizing itself

//    //



//    //



//    //

_____

    [3] While it is a considerable hearing, in light of the stipulations to market value in Jairell's
plea agreement, Jairell is unable to present evidence and argument in favor of a different market
value without remaining in breach of the plea agreement.  Any argument by Jairell in favor of a
lower market value will be viewed by the government as a breach of the Jairell plea agreement.
However, defendant Veys is free to present whatever argument he may wish at such a hearing.

U. S. v Veys & Jairell
1:06-cr-00003-HRH                              8

with Mr. Veys' presentence report and the objections thereto.

RESPECTFULLY SUBMITTED this <u>19th</u> day of July, 2007, at Anchorage,

Alaska.

NELSON P. COHEN
United States Attorney


   /s Steven E. Skrocki
Steven E. Skrocki
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3380
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov
AK #0108051

**CERTIFICATE OF SERVICE**
I hereby certify that on July 19, 2007,
a copy of the foregoing MOTION OF THE
UNITED STATES TO CONSOLIDATE
SENTENCING PROCEEDINGS BEFORE
UNITED STATES DISTRICT COURT
JUDGE-PARTIALLY OPPOSED
of the United States was served electronically on
Kevin Fitzgerald and Brent Cole.

s/ Steven E. Skrocki

U. S. v Veys & Jairell